UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRUCE FERRELL, | : |
|       Plaintiff | : |
| | : |
|   v. | : CIVIL NO. 3:CV-08-0370 |
| | : |
| JEFFREY A. BEARD, et al., | : (Judge Kosik) |
|       Defendants | : |

**Memorandum and Order**

**Background**

Bruce Ferrell, an inmate confined at the State Correctional Institution at Smithfield (SCI-Smithfield), Pennsylvania, filed this civil rights action on February 27, 2008, pursuant to 42 U.S.C. § 1983. Named as Defendants are Jeffrey A. Beard, Secretary of the Pennsylvania Department of Corrections and the following SCI-Smithfield employees: John Palakovich, former Superintendent; Paul Smeal, Superintendent; Victoria Kormanic and James Eckard, Deputy Superintendents; and James Rouie[1], Safety Manager. In the complaint, Ferrell complains about the exercise yard cage in the Restricted Housing Unit at SCI-Smithfield. Specifically, he claims that there is razor wire hanging down inside the exercise yard cages which is easily accessible to groups of "suicidal" prisoners. (Doc. 1, Compl. at 4.) He claims that

---

[1] The spelling of this individual's last name may be incorrect as Plaintiff's handwriting is quite difficult to decipher. In fact, several of the Defendants' names which appear on the docket sheet have been misspelled by the Clerk's Office.

the cages do not meet various safety and security standards and can present an imminent danger due to their poor construction. He claims that the use of razor wire is basically "a substitute for razors for suicide acts" by those confined in the RHU for self-protection purposes and for suicide cases. (Id.)

Ferrell has also filed an application to proceed in forma pauperis in this matter and an authorization form. On March 12, 2008, the Court issued an Administrative Order directing that the financial department at his place of confinement begin deducting the full filing fee from his prison account. (Doc. 8.) It does not appear that any monies have yet been withdrawn. The case is currently before the court for preliminary screening.

For the reasons that follow, the Administrative Order issued in this case will be vacated and Plaintiff's request to proceed in forma pauperis denied pursuant to the Three Strikes Rule, codified at 28 U.S.C. § 1915(g). The action will be dismissed, without prejudice, for failure to pay the full filing fee, with the right of Plaintiff to move to reopen the case by paying the full filing fee within sixty (60) days.

## II.   **Discussion**

The Prison Litigation Reform Act of 1996 ("PLRA"), in an effort to halt the filing of frivolous inmate litigation, enacted what is commonly referred to as the "three strikes" provision. Codified at 28 U.S.C. § 1915(g), the "three strikes" rule provides that an inmate who has had three prior actions or appeals dismissed as

frivolous, malicious, or for failing to state a viable claim may not proceed in a civil action in forma pauperis "unless the prisoner is in imminent danger of serious physical injury." See 28 U.S.C. § 1915(g). The "three strikes" provision does not bar disqualified inmates from filing additional actions, but it does deny them the opportunity to proceed under in forma pauperis, requiring the inmates to pay the full filing fee prior to commencing suit.

In this case, Plaintiff filed a motion to proceed in forma pauperis and an authorization form.  An Administrative Order was thereafter issued. It was recently discovered by the Court, however, that prior to instituting this action Plaintiff has, on more that twenty (20) occasions, while incarcerated, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. These "strikes" are fully set forth in detail in a Report and Recommendation issued by a Magistrate Judge in the United States District Court for the Western District of Pennsylvania on April 4, 2006.  See Ferrell v. Beard, et al., Civil Action No. 06-484 (W.D. Pa.).  The Report and Recommendation dismisses a civil rights action filed by Plaintiff on the basis of 28 U.S.C. § 1915(g) as barred by the three strikes rule, and lists all of the actions previously filed by Plaintiff which fall within the three strikes rule.  These cases include the following: Ferrell v. Sigismonti, et al., Civil Action No. 94-3597

(E.D. Pa.), dismissed as frivolous under 28 U.S.C. § 1915(d)[2] by Order dated June 20,

1994; Ferrell v. Librance, et al., Civil Action No. 94-3599 (E.D. Pa.), dismissed as

frivolous by Order dated June 20, 1994; Ferrell v. Semeraro, et al., Civil Action No.

94-3601 (E.D. Pa.), dismissed as frivolous by Order dated June 20, 1994; Ferrell v.

Commonwealth, et al., Civil Action No. 94-6893 (E.D. Pa.), dismissed as frivolous by

Order dated November 21, 1994; Ferrell v. Jury Commissioner, et al., Civil Action

No. 94-5796 (E.D. Pa.), dismissed as frivolous by Order dated September 29, 1994,

with an appeal therefrom dismissed by the Third Circuit as frivolous by Order dated

April 14, 1995; Ferrell v. John Doe, et al., Civil Action No. 95-2800 (E.D. Pa.),

dismissed as frivolous by Order dated May 15, 1995; Ferrell v. Horn, et al., Civil

Action No. 99-276 (W.D. Pa.), dismissed for failure to state a claim upon which relief

may be granted under 28 U.S.C. § 1915(e) by Order dated June 29, 2000; and Ferrell

v. Horn, et al., Civil Action No. 01-1137 (M.D. Pa.), construed as a combined habeas

and civil rights action with the civil rights portion dismissed as frivolous under 28

U.S.C. § 1915(e)(2)(B)(I) by Order dated July 5, 2001.[3]

Based on the foregoing, Plaintiff is thus barred by 28 U.S.C. § 1915(g) from

---

[2] The Court of Appeals for the Third Circuit has held that dismissal based on "frivolousness" that occurred prior to the passage of the PLRA are to be included among the three strikes under section 1915(g). See Keener v. Pennsylvania Bd. of Probation and Parole, 128 F.3d 143, 144-45 (3d Cir. 1997).

[3] For a complete listing of all cases counting as a strike for purposes of 28 U.S.C. § 1915(g), see Document 2 in Ferrell v. Beard, et al., Civil Action No. 06-484 (W.D. Pa. April 20, 2006).

proceeding in forma pauperis in this action.  While there does exist the "imminent danger" exception to § 1915(g)'s "three strikes" rule, it is inapplicable in this case. The Third Circuit Court of Appeals has concluded that the requisite imminent danger of serious physical injury must exist at the time the complaint or the appeal is filed. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001)(en banc), cert. denied, 533 U.S. 953 (2001).  The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate."  Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).  In the instant case, even construing all allegations in favor of Plaintiff, his claims do not set forth the imminent danger required to fall within the exception set forth in § 1915(g).  He complains about the use of razor wire with regard to the exercise cages in the exercise yard.  In reviewing the complaint, his concern is clearly not for his own safety, as he is aware of the wire.  Rather, he claims that suicidal inmates may attempt to utilize the wire at the top of the cages to inflict harm upon themselves.  There are no allegations that Plaintiff feels he personally is in any imminent danger based upon the conditions alleged.  In fact, it is clear that Plaintiff is completely cognizant of the razor wire and the need to stay away from it.  Thus, it is clear that he does not face any imminent danger causing him to fall within the exception to the Three Strikes Rule.

For these reasons, any request by Plaintiff to proceed in forma pauperis in the above case must be denied in accordance with 28 U.S.C. § 1915(g) for failure to

submit the full filing fee.  The Clerk of Court will be directed to vacate the

Administrative Order previously issued and cease withdrawing any monies from

Plaintiff's inmate account toward the payment of the filing fee in this matter.  To the

extent any monies have been withdraw, they shall be refunded to Plaintiff. The action

will be dismissed for failure to pay the full filing fee.  Plaintiff may move to reopen

the case by paying the full filing fee within sixty (60) days.  If he fails to do so, the

action will be dismissed without prejudice.

**ACCORDINGLY, THIS 3ʳᵈ DAY OF APRIL, 2008, IT IS HEREBY**

**ORDERED AS FOLLOWS:**

> 1.  The Administrative Order previously issued in the above matter (Doc.
> 8) is **vacated**.  The Clerk of Court is to cease the withdrawal of any
> funds from Plaintiff's inmate account.  If any monies have been
> withdrawn in payment toward the filing fee in said action, they are to be
> refunded to Plaintiff.

> 2.  Plaintiff's request to proceed <u>in forma pauperis</u> in the above-
> captioned action is **denied** in  accordance with 28 U.S.C. § 1915(g) and
> the action is **dismissed** for failure to pay the full filing fee without
> prejudice to Plaintiff to reopen the action by submitting the full filing fee
> within sixty (60) days.

> 3.  The Clerk of Court is directed to **close** the above-captioned case.

*s/EDWIN M. KOSIK*
United States District Judge